# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES *ex rel.* | ) | |
| LISA WHEELER, | ) | |
|     Plaintiff-Relator, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **NO. 1:21-CV-241-MR-WCM** |
| | ) | |
| ACADIA HEALTHCARE | ) | |
| COMPANY, INC. *et al.* | ) | |
|     Defendants. | ) | |

## <u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS RELATOR'S AMENDED COMPLAINT</u>

Relator's claims are convoluted, factually unsupportable, and legally meritless. Her claims are grounded in an alleged failure to provide group therapy to Medication-Assisted Treatment patients. She asserts that because Defendants bill Medicare and Medicaid for MAT, their alleged failure to provide group therapy means that those bills are false claims. But as Relator concedes, group therapy is not a required component of MAT, and Defendants do not and cannot bill Medicare or Medicaid for group therapy. Resp., p. 14 [D.E. 45].

Relator grounds her claims in alleged "garden-variety … regulatory violations," *Universal Health Services, Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, 194 (2016). She asserts that by submitting claims for payment for MAT, "Defendants expressly and/or impliedly certified" that they were in compliance with patient treatment plans, opioid treatment program regulations, Substance Abuse and

4869-4353-1581

1

Mental Health Services Administration regulations, and so on. Resp., pp. 16–17 [D.E. 45]. And she asserts, but does not show, that the alleged noncompliance was material.

The Amended Complaint should be dismissed for three reasons. First, as Relator implicitly concedes, she cannot state a plausible claim that Defendants billed for any treatment they did not provide *to patients enrolled in federal healthcare programs*. So she is stuck arguing that alleged "garden-variety" regulatory noncompliance gives rise to a False Claims Act claim. Second, she still has not identified any false claim—under any theory of falsity, including regulatory noncompliance—with particularity. Third, as *Escobar* implies and binding precedent has held, the alleged regulatory noncompliance is not material and therefore cannot support False Claims Act liability.

## I.      Relator's Allegations Continue to Be Implausible on Their Face

Relator has repeatedly acknowledged that neither Medicare nor Medicaid *require* group therapy for patients obtaining substance use disorder treatment. *See* Mot., pp. 2-4 [D.E. 43]; Resp., p. 9 [D.E. 45]. Medicare does not permit[1], let alone require, group therapy to be billed separately—group therapy is bundled into the

---

[1] Except in limited circumstances, none of which Relator has alleged were relevant to the claims at issue in her Amended Complaint.

4869-4353-1581

2

weekly, medication-specific code for treatment.[2] Medicaid does permit group therapy to be separately billed, but not every patient is required to receive group therapy, meaning that failure to provide group therapy to a patient does not necessarily lead to a false claim, particularly if that patient has Medicaid as their *secondary* insurance.[3]

Relator's Response altogether misses the point on the plausibility of her allegations. She alleges Defendants' overarching requirement "to comply with stringent federal, state, and Government Program requirements," but fails to link the alleged failure to provide group therapy to any regulatory violation.[4] As Relator acknowledges, patients are only required to receive those services specifically called for in their individualized treatment plans. Resp., p. 2 [D.E. 45]. If a patient's

---

[2] Relator asserts that Medicare's use of "bundled billing" is "irrelevant due to the nature of Relator's legal claims," but this assertion is puzzling. Resp., p. 21. Relator's Response does nothing to elucidate how bundled billing is irrelevant. And, as described more fully in Defendants' Motion, the use of bundled billing is a central tenet of Defendants' basis for their motion to dismiss.

[3] Relator includes *no* allegations regarding what specifically the other federal healthcare programs require as it relates to group therapy, including how group therapy is or could be billed to these payors. *See* Mot., p. 8 n.3, p. 15 n.6 [D.E. 43]. And Relator's Response [D.E. 45] does nothing to address this fatal deficiency. Further, Relator does not actually allege that Defendants participate in these other federal healthcare programs, instead relying on generalized allegations based "upon information and belief."

[4] Relator's Response also emphasizes that her legal theories of liability include false certification, conversion, and fraudulent inducement. Resp., pp. 11-12 [D.E. 45]. This is irrelevant to Defendants' motion—each of these legal theories requires a materially false claim, record, or statement.

4869-4353-1581

treatment plan does not require group therapy, documentation of group therapy or the failure to provide group therapy does not make a claim for MAT false (let alone materially false).

Relator's allegations concerning Patient 6, the only federal healthcare program patient she describes, illustrate the problem. Patient 6, who is alleged to be a dual-enrolled Medicare and Medicaid patient, had a treatment plan that stated "that he *could* benefit from group therapy, but the treatment plan did not state the frequency with which he should receive group therapy." Resp., p. 16 [D.E. 45]. This allegation is a far cry from alleging anything unlawful about Patient 6's treatment. As alleged, Patient 6 was not required to receive group therapy, his treatment plan did not require it, Medicare did not require it, and Medicaid did not require it. Therefore, the failure to provide Patient 6 with group therapy or the improper documentation of group therapy for this patient is not indicative of anything, let alone a False Claims Act violation. Further, as it relates to this patient—the Amended Complaint's sole patient alleged to be enrolled in a federal healthcare program—Defendants note that *Medicare*, not Medicaid, pays first for dual-enrolled patients, meaning that a claim was not necessarily submitted to Medicaid for this patient. *See* Mot., pp. 14-15 n.5 [D.E. 43].

Relator's discussion of her claims based on Defendants' alleged breach of their CIA also appears to discard a number of Relator's factual bases for False

4869-4353-1581

4

Claims Act violations under the CIA. *See* Resp., pp. 21-22 [D.E. 45]. In the Amended Complaint, Relator asserts that Defendants breached several provisions of the CIA, including those relating to training and education and creation of a risk assessment and internal review processes. Am. Compl., ¶¶ 424, 426, 721 [D.E. 26]. But in her Response, Relator now only asserts that Defendants "breached the CIA's reporting and certification requirements" and breached the CIA by failing to take action following Relator's "reports of fraud." Resp., p. 22 [D.E. 45]. These revised assertions about Defendants' alleged breaches of the CIA do not substantively address or remedy the deficiencies of Relator's CIA-related causes of action. *See* Mot., pp. 15-18 [D.E. 43].[5]

## II. Relator's Reliance on Allegations Made "Upon Information and Belief" Continue to Be Insufficient Under Rule 9(b)

Defendants' Motion notes the substantial number of Relator's allegations that are made "upon information and belief." *See* Mot., p. 20 [D.E. 43]. In light of the high threshold for False Claims Act complaints set by Rule 9(b), this type of pleading is insufficient. While Relator is correct that certain allegations, particularly the

---

[5] Note that Relator cites, as her authority for the notion that breach of a CIA can give rise to a reverse false claim under § 3729(a)(1)(G), a 2015 case that was rejected several years later by the case cited in Defendants' Motion. *See Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 278-79 n.223 (E.D. Pa. 2020) (rejecting *Boise* as an outlier and one of only two cited cases in which "the contractual nature of the stipulated penalties by itself makes them 'obligations,'" as opposed to the majority of courts that have concluded that "where stipulated penalties are contingent on the exercise of governmental discretion, they are not 'obligations'").

4869-4353-1581

"intent, knowledge, and other conditions of a person's mind may be alleged generally," her generalized allegations made upon information and belief are far broader than that scope. *See* Resp., p. 7 (quoting Fed. R. Civ. P. 9(b)) [D.E. 45]. Relator alleges far more than Defendants' mental state using generalized allegations "upon information and belief." *See* Mot., pp. 18-19 [D.E. 43]. Instead, she alleges the following key allegations:

- *Upon information and belief*, Defendants did not satisfy their reporting obligations under the CIA. Am. Compl., ¶ 42 [D.E. 26].

- *Upon information and belief*, Defendants' conduct is also occurring at facilities across the United States. *Id.*, ¶ 43.

- *Upon information and belief*, Defendants' alleged falsification of records is a "corporate policy" implemented nationwide. *Id.*, ¶ 49.

- *Upon information and belief*, Defendants regularly submit claims for substance use disorder treatment to federal healthcare programs. *Id.*, ¶¶ 114, 133.

- *Upon information and belief*, Defendants have contracts with North Carolina DHHS, Medicaid LMEs/MCOs, TRICARE, CURES Act, CMS, and Department of Veterans Affairs that require compliance with federal and state laws. *Id.*, ¶¶ 304-05, 309-10, 343, 360, 380.

Each and every one of these allegations are crucial to the viability of Relator's claims, and her pleading has fallen well short of the particularity required under the False Claims Act. In the case that Relator herself cites, the court dismissed a *qui tam* complaint where "[t]he complaint provide[d] neither the 'information' on which [Plaintiff] relie[d] nor any plausible reasons for its 'belief' . . . [n]or [did] the complaint indicate that the facts [were] uniquely in the possession of Defendants."

4869-4353-1581

*N.C. Farmers' Assistance Fund, Inc. v. Monsanto Co.*, 740 F. Supp. 2d 694, 705 (M.D.N.C. 2010).[6] Relator's Amended Complaint suffers from the same incurable malady as the complaint in *N.C. Farmers' Assistance Fund* —for the 172 allegations pled upon "information and belief," Relator does not provide a plausible reason for her beliefs nor does she indicate that any relevant facts are solely within Defendants' possession. And, as the Fourth Circuit stated, Rule 9(b) "does not permit a False Claims Act plaintiff to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted." *U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 456-57 (4th Cir. 2013).

Further, Relator still has not alleged any specific, exemplar claims submitted to federal healthcare programs. *See* Mot., pp. 10-12 [D.E. 43]. In her Response, she attempts to argue that the exemplar claims for Patient 6 are sufficient under Fourth Circuit precedent. Resp., pp. 16-17 [D.E. 45]. But, Relator must allege "specific false

---

[6] In discussing the dismissal of a complaint under Rule 9(b), Relator notes that courts should "hesitate to dismiss a complaint" where it is satisfied, amongst other things, "that plaintiff has substantial pre-discovery evidence of those facts" underlying his or her allegations. Resp., p. 8 (quoting *U.S. ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 195 (4th Cir. 2022)) [D.E. 45]. But Relator has not alleged sufficient, let alone "substantial", pre-discovery facts. *See Layani v. Ouazana*, No. 20-cv-420, 2021 U.S. Dist. LEXIS 39894, at *101-02 (D. Md. Mar. 3, 2021) (holding that "plaintiffs do not allege any prediscovery evidence that supports the allegations regarding the breadth of the alleged scheme" where "the allegations as to other victims rely solely on the invocation of 'information and belief,' without any details").

4869-4353-1581

7

claims actually . . . presented for payment." Mot., p. 10 (quoting *Nathan*, 707 F.3d at 455-57) [D.E. 43]. And, reviewing the multitude of paragraphs of the Amended Complaint that Relator cites in that argument shows that the vast majority of the paragraphs Relator cites as evidence of details of *specific* claims are actually pled "upon information and belief."

And, as to the second path to allege a violation of the False Claims Act set out in *Grant*—alleging "a pattern of conduct that would 'necessarily have led to submission of false claims to the government for payment'"—Relator's Amended Complaint still fails. Defendants noted how the Fourth Circuit's application of this test is demanding. *See* Mot., pp. 12-14 [D.E. 43]. But, the Amended Complaint, even as Relator describes it, falls well short of alleging that false claims were necessarily submitted to federal healthcare programs. Despite efforts to explain away the deficits of the Amended Complaint, Relator still cannot elucidate a viable theory that is sufficient under Rules 8 and 9(b). In responding to Defendants' Motion as it relates to the Amended Complaint's failure to sufficiently allege "a pattern of conduct that would 'necessarily have led[] to submission of false claims' to the government for payment," Relator fails to recognize the import of the Fourth Circuit's requirement that a relator not "leave[] open the possibility" that false claims were not submitted. *See* Resp., pp. 19-23 [D.E. 45]; Mot., p. 13 (citing *U.S. ex rel. Grant v. United Airlines*, 912 F.3d 190, 198 (4th Cir. 2018)) ("Showing that defendants' actions

4869-4353-1581

8

'could have led' to submission of a false claim is not enough, because such a showing 'leaves open the possibility' that false claims were not submitted.") [D.E. 43].

III.     <u>**Relator's Amended Complaint Still Fails to Allege That Any of Defendants' Conduct was Material to the Government's Decision to Pay Claims**</u>

The crux of Relator's response as to the requirement to plead materiality is that "Relator has alleged that each of Defendants' false statements, records, and certifications were material to the Government Programs' payment decisions." Resp., p. 23 [D.E. 45]. In essence, Defendants' conduct was material because Relator says it was material. But, as Relator acknowledges in the paragraph immediately preceding that statement, the materiality standard under the False Claims Act is a high threshold. *Id.*; *see also* Mot., pp. 21-25 [D.E. 43]. As the Fourth Circuit established—and as Relator acknowledges—a relator must allege facts showing that noncompliance with a particular statute, regulation, or contract was more than "minor or insubstantial," and that it was "so central to the services provided that the Government would not have paid these claims had it known of these violations." *U.S. ex rel. Taylor v. Boyko*, 37 F.4th 177, 190 (4th Cir. 2022) (quoting *Escobar*, 579 U.S. at 196)) (internal quotations omitted). The Amended Complaint continues to fall short of this requirement.

4869-4353-1581

9

## IV.    <u>**Conclusion**</u>

For these reasons and those in Defendants' Motion to Dismiss the Amended Complaint and accompanying Memorandum in Support, Relator's Amended Complaint should be dismissed with prejudice.

Dated: November 14, 2022

s/ Andrew F. Solinger
Jennifer L. Weaver (*Pro Hac Vice*)
Andrew F. Solinger (*Pro Hac Vice*)
Anna Rasmussen (*Pro Hac Vice*)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8116
Fax: (615) 244-6804
Jennifer.Weaver@wallerlaw.com
Andrew.Solinger@wallerlaw.com
Anna.Rasmussen@wallerlaw.com

Phillip Jackson (NC No. 21134)
David Hawisher (NC No. 55502)
ROBERTS & STEVENS, PA
PO Box 7647
Asheville, NC 28802
Telephone: (828) 252-6600
pjackson@roberts-stevens.com
dhawisher@roberts-stevens.com

*Attorneys for Defendants*

4869-4353-1581

# CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2022, I filed this Defendants' Reply In Support of Motion to Dismiss Relator's Amended Complaint, using the Court's CM/ECF system, resulting in service on all counsel of record in this matter.

/s/ Andrew F. Solinger_____
Andrew F. Solinger

4869-4353-1581