IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00241-MR-WCM

| | |
|---|---|
| LISA WHEELER, ) | |
| ) | |
| Plaintiff-Relator, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| ACADIA HEALTHCARE ) | |
| COMPANY, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 43]; the Magistrate Judge's Memorandum and Recommendation [Doc. 51] regarding the disposition of that motion; the Plaintiff-Relator's Objections to the Memorandum and Recommendation [Doc. 53]; and the Plaintiff-Relator's Motion to Amend and Correct Scrivener's Error in Amended Complaint [Doc. 54].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' motion to dismiss and to submit a recommendation for its disposition. On July 27, 2023, the Magistrate Judge issued a Memorandum and Recommendation,

recommending that the Defendants' motion be granted. [Doc. 51]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.]. The Plaintiff-Relator timely filed her Objections on August 10, 2023. [Doc. 53]. On the same day, the Plaintiff-Relator filed a Motion to Amend in order to correct a scrivener's error in Paragraph 772 and the heading of Count IV of the Amended Complaint. [Doc. 54]. The Defendants filed a Reply to the Plaintiff-Relator's Objections and a Response in opposition to the Motion to Amend on August 24, 2023. [Docs. 57, 58]. This matter is now ripe for disposition.

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections

2

have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

In her Objections, the Plaintiff-Relator first identifies five "erroneous or incomplete statements" in the Memorandum and Recommendation's summary of her allegations. Having reviewed the Plaintiff-Relator's Objections, the Court finds that none of these statements are material to the Magistrate Judge's conclusions and recommendation, and that, in any event, none of these Objections have any merit. Accordingly, the Plaintiff-Relator's Objections to the Magistrate Judge's summary of the allegations are overruled.

In the Memorandum and Recommendation, the Magistrate Judge noted that, at the hearing on the motion to dismiss, the Plaintiff-Relator "clarified that she was not relying on a representative false claim that was actually made, but was instead relying on the alternative theory that a false claim was necessarily presented based on the Defendants' pattern and practice." [Doc. 51 at 24-25]. The Plaintiff-Relator objects to this

3

characterization of counsel's statement, arguing that counsel made the representation at the hearing that there was not a representative false claim alleged under Counts I and II and that she has adequately presented a representative example for the other Counts of the Amended Complaint based on her allegations regarding Patient 6. [Doc. 53 at 13-14]. Even assuming that the Plaintiff is correct regarding the nature of her representations at the hearing, the allegations concerning Patient 6 nevertheless do not contain the level of specificity required to constitute a representative claim. As the Magistrate Judge noted, the Plaintiff-Relator has acknowledged "that Patient 6 was a Medicare beneficiary, and that Medicare does not require that group therapy be given before a provider may use bundled billing codes." [Doc. 51 at 28-29]. Thus, even if the allegations regarding Patient 6 constituted a representative claim, the Plaintiff-Relator has failed to plausibly allege that the claim was false given that providers can submit a bill to Medicare for Medication Assisted Treatment ("MAT") services without providing group therapy. The Plaintiff-Relator's Objection in this regard, therefore, is overruled.

Following submission of her Objections, the Plaintiff-Relator filed a Notice of Supplemental Authority [Doc. 56], attaching a recent decision from

4

the Fourth Circuit, United States v. Walgreen Co., -- F.4th --, 2023 WL 5209473 (4th Cir. Aug. 15, 2023), relating to materiality under the False Claims Act.  The Walgreen decision, however, is entirely inapposite to the present case. In Walgreen, the defendant falsified patient records and other documentation specifically in order to satisfy explicit eligibility requirements under Virginia Medicaid rules, a practice which the Government ultimately concluded was a violation of the Medicaid Act. Id. at *3.  The Government actually pled twelve specific patients whose claims were at issue, where claims were initially denied coverage but then were falsified, re-submitted, and paid based explicitly on the falsified records. Id. at *2. Further, the defendant had previously pled "guilty to engaging in the same scheme to defraud Tennessee's Medicaid program." Id.  The Fourth Circuit concluded that the Government had sufficiently pled materiality based on its allegations that the defendant's misrepresentations had a demonstrable impact on government decision making, i.e., Medicaid denied payment and then changed its payment decision based directly on the defendant's amendments to the claims.  Id. at *4 ("[T]he Department and its proxy decisionmakers rejected (or required more information about) claims when patients truthfully stated they didn't satisfy Virginia's disease-severity or

5

substance-abstinence requirements."). By contrast, the alleged false claims at issue in the present case involve a requirement—the provision of group therapy—that never existed, as it is not required for MAT services to be covered. Moreover, unlike in Walgreen, the Plaintiff-Relator cannot point to any indication from any federal healthcare program that the failure to provide group therapy—when this service was not required—was material to the Government's decision to pay a claim for MAT.[1] For this reason, the Plaintiff-Relator's reliance on this recent case is misplaced.

After a careful review of the Memorandum and Recommendation, and the Plaintiff-Relator's Objections thereto, the Court concludes that the Magistrate Judge's proposed factual findings are correct and his proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss should be granted, and that the Plaintiff-

---

[1] The Court notes that the allegations of false statements regarding group therapy sessions pertain to the period when the interactions between people, particularly in a healthcare setting, were quite limited due to the COVID-19 pandemic. Not only did Medicare not require group therapy during this period, but it would also appear that all government healthcare-related agencies would likely have frowned upon the conduct of any such group sessions. Hence, it appears that the Relator's pleading burden is all the higher to demonstrate the materiality of *any* misrepresentation or misstatement regarding group therapy.

6

Relator's Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Turning to the Plaintiff-Relator's Motion to Amend, the Court concludes that the proposed amendment would not cure any of the pleading defects of the Amended Complaint identified by the Magistrate Judge in the Memorandum and Recommendation. As such, the proposed amendment would be futile. Accordingly, the Plaintiff-Relator's Motion to Amend is denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff-Relator's Objections to the Memorandum and Recommendation [Doc. 53] are **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 51] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss [Doc. 43] is **GRANTED**, and the Plaintiff-Relator's Amended Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff-Relator's Motion to Amend [Doc. 54] is **DENIED**.

The Clerk of Court is respectfully instructed to close this civil action.

**IT IS SO ORDERED.**

Signed: September 18, 2023

Martin Reidinger
Chief United States District Judge