**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00241-MR-WCM**

| | |
|---|---|
| **LISA WHEELER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) **ORDER** |
| **ACADIA HEALTHCARE** | ) |
| **COMPANY, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| ———————————————— | ) |

**PRETRIAL ORDER
AND CASE MANAGEMENT PLAN**

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Pretrial Order and Case Management Plan in this matter.

| DEADLINES AT A GLANCE | |
|---|---|
| Rule 26 Disclosures | May 28, 2025 |
| Designation of Mediator | June 4, 2025 |
| Expert Reports – Party w/ Burden | July 8, 2025 |
| -- Responsive | August 8, 2025 |
| -- Rebuttal | September 8, 2025 |
| Discovery | November 10, 2025 |
| Mediation | November 21, 2025 |
| Motions Deadline | December 11, 2025 |
| Trial | May 11, 2026 |

I.

A.    TRACK ASSIGNMENT:    This case is assigned to the STANDARD Case Management Track.

B.    This Order sets forth certain requirements for the parties to follow in preparing for and trying a civil case before this Court.  These requirements are not a mere formality but rather are essential to the efficient administration of the trial.  A party's failure to comply with the requirements set forth in this Order may subject such party to an

administrative fine for interfering with the efficient administration of the trial.

II.

A.  DISCOVERY GUIDELINES: Each party may propound no more than **thirty (30)** single part interrogatories to any other party; each party may submit no more than **thirty (30)** requests for admissions to any other party; each side may depose no more than **eight (8)** fact witnesses without prior approval of the Court. Parties may, however, by agreement, increase the numbers set forth in this paragraph, and if unable to agree, may then seek Court intervention by motion.

B.  RULE 26 DISCLOSURES: The information required by Federal Rule of Civil Procedure 26(a)(1) shall be exchanged no later than **May 28, 2025**. The parties shall promptly supplement such disclosures as additional information is discovered during the pendency of the case.

C.  RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION: Every response to an interrogatory or request for admission, and every objection

3

thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

D.    THE MAINTENANCE OF DISCOVERY MATERIALS: Discovery materials are <u>NOT</u> to be filed.  All counsel are advised to consult the Local Rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court.  The parties are responsible for the preservation of any and all discovery materials they may generate.

E.    PROTECTIVE ORDERS: Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested.  When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

F.    DISCOVERY COMPLETION: All discovery, with the exception of *de bene esse* depositions which are

4

discussed below in section G, shall be completed no later than **November 10, 2025**. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires no later than fourteen (14) days prior to the Trial Date (as that term is defined in this Order). If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

G. DEPOSITIONS TAKEN FOR THE SOLE PURPOSE OF PRESERVING TESTIMONY FOR TRIAL: Depositions taken for the sole purpose of preserving testimony for trial are not considered discovery for the purposes of this section provided that 1) the witness will be unavailable for

5

trial for one of the reasons set forth in Rule 32(a)(3) and 2) the reason for such unavailability is that the witness resides outside the subpoena power of this Court and the party seeking to take such deposition has failed, after making a good faith effort, to obtain a commitment from the witness to testify at trial voluntarily, and 3) such deposition can be concluded in time so that the portions of the deposition to be used at trial can be designated and objections thereto resolved at the final pretrial conference. Such depositions should be presented at trial by video recording whenever possible.

H.    EXPERT WITNESSES: Each side shall be entitled to call up to **three (3)** expert witnesses without further leave of the Court.

(1)    Reports for retained experts under Rule 26(a)(2) will be due from the party with the burden of proof on a particular issue no later than **July 8, 2025**; responsive expert reports from the party without the burden of proof on a particular issue will be due no

later than **August 8, 2025**.  Rebuttal expert reports may be filed no later than **September 8, 2025**.

(2)   Non-retained experts—<u>i.e.</u>, fact witnesses who by their training or experience are qualified to offer some related expert opinion even though they are not retained—must be disclosed by counsel as part of the initial disclosures.  Such disclosure shall include the identity of the witness, the expected opinions of that witness, and the basis therefor.

(3)   Supplementations under Rule 26(e) shall be ongoing throughout these proceedings.

III.

A.   MOTIONS DEADLINE: All motions except motions in limine and motions to compel discovery, which are addressed *infra*—shall be filed no later than **December 11, 2025**.   This deadline shall also pertain to all motions attacking the qualifications of an expert witness (<u>i.e.</u>, <u>Daubert</u> motions).  Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline.

7

B.	MOTIONS HEARINGS: Hearings on motions ordinarily will be conducted only when the Rules require a hearing, or when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision. The Clerk will notify all parties of the date and time set for the hearing.

C.	MEMORANDA IN SUPPORT OF MOTIONS: Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based.  **Briefs filed in support of motions may not exceed twenty-five (25) pages, unless some greater limit is granted by the Court upon motion for good cause.  Briefs must be double spaced and in at least 14-point type.**  Motions not in compliance with this order are subject to summary denial.   No memorandum, however, need accompany those motions exempted from this provision under Local Rule 7.2 and simple consent motions, motions to continue, and motions to withdraw as

counsel, provided that such motions contain an adequate statement of the basis for the relief sought.

D.   RESPONSES TO MOTIONS: Responses to a motion, if any, must be filed within fourteen (14) days of the date of service of the motion.  **Response briefs may not exceed twenty-five (25) pages, unless some greater limit is granted by the Court upon motion for good cause. Response briefs must be double spaced and in at least 14-point type.**  The Court generally deems a motion ripe for determination upon the timely filing of the response but may, in its discretion, rule on a motion before the response time expires, if warranted by the circumstances.  Where a motion is not responded to within the time provided, the Court may grant the relief requested, if good cause is shown in such motion.

E.   REPLIES: The filing of a reply brief is allowed only if the response raises new matters.  The reply shall be limited to a discussion of such newly raised matters.  **Reply briefs should be filed no later than seven (7) days after the filing of the response and shall not exceed ten (10)**

**pages, unless some greater limit is granted by the Court upon motion for good cause. Reply briefs must be double spaced and in at least 14-point type.**

F.   EXTENSIONS OF TIME TO RESPOND: If counsel need more than fourteen (14) days to file a response, they shall file a motion for extension of time to respond <u>prior to the expiration of the response deadline</u>. The moving party must state within the motion what actions have been undertaken to consult with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel regarding the request. If the party fails to make the requisite showing, the Court may summarily deny the request. Such motions for extension will be granted only upon a showing of cause and should be the exception rather than the rule.

G.   MOTIONS TO COMPEL: A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Motions to compel must be filed within the discovery period or they may be deemed waived. After

10

reviewing the merits of a motion and the response thereto, the Court may order the parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

## IV. ALTERNATIVE DISPUTE RESOLUTION

A.    Mediation **IS** ordered in this case.

B.    Mediation shall be completed by **November 21, 2025**.

C.    No later than **June 4, 2025**, the parties shall select and agree upon a mediator and shall file with the Court a report stating the identity of the mediator selected.  If the parties are unable to agree upon a mediator they shall, no later than **June 4, 2025**, file with the Court a report stating that they have been unable to agree upon a mediator and the reasons for such inability.

D.    Within seven (7) days of the completion of the mediation there shall be filed with the Court a Mediation Report which

11

states whether all, a portion or none of the case has settled. The Mediation Report shall be filed with the Court electronically in such a form as to be docketed by the Clerk. It shall be the responsibility of the mediator to file the Mediation Report with the Court, except that if the mediator does not have an electronic case filing (ECF) account with the Clerk, then it shall be the responsibility of the Defendant(s) to file the Mediation Report for the mediator. It is the responsibility of the Defendant(s) to determine whether the mediator has an ECF account with the Clerk.

E.   If this case is resolved by a settlement of the parties, whether at mediation or otherwise, the parties shall immediately notify the Court by filing a Notice of Settlement.  The payors shall pay all sums required by the parties' settlement agreement and the parties shall file all such documents with the Court so as to effectuate the closing of the Court file within thirty (30) days of filing the Notice of Settlement, unless additional time is sought and granted by the Court.  In the event that a settlement is reached within the thirty (30) days immediately preceding

the final pretrial conference, both the final pretrial conference and the trial will remain on the Court's calendar unless and until the parties file a "term sheet" with the Court setting out the basic terms of the parties' settlement agreement such that the agreement could be enforced by the Court. The term sheet may be filed under seal without seeking leave of Court to do so. Once the term sheet is filed, the parties will have thirty (30) days to file all such documents with the Court so as to effectuate the closing of the Court file.

## V.  TRIAL PROCEDURES

A.  TRIAL SUBPOENAS: Counsel must subpoena all witnesses <u>at least fourteen (14) days before the day on which the Clerk of Court has set the case for trial</u> (Trial Date). The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

B.   COUNSEL'S DUTIES PRIOR TO TRIAL: <u>At least two (2)</u> <u>business days prior to the final pretrial conference</u>, counsel for all parties shall:

(1)   Discuss the possibility of a settlement;

(2)   Exchange copies of exhibits or permit inspection if copying is impractical;

(3)   Number and become acquainted with all exhibits;

(4)   Agree upon the issues to be submitted to the jury (if a jury trial has been requested), reduce such issues to writing in the form of a proposed verdict sheet, and file such proposal with the Court.  If counsel cannot agree upon the wording of the proposed verdict sheet, each party is directed to file his/her own version with the Court; and

(5)   Agree upon stipulations of fact and file them with the Court.  The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

C.   PROPOSED JURY INSTRUCTIONS: If a jury trial has been requested, all counsel shall submit proposed jury

14

instructions <u>no later than two (2) business days prior to the final pretrial conference</u>.  Additional instructions may be submitted during the trial as circumstances may require.  Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page.  Each proposed instruction <u>must</u> contain a supporting citation as a footnote.  A proposed instruction without a supporting citation will not be considered.  Boilerplate introductory instructions are not required to be submitted.

D.      COUNSEL'S PRE-TRIAL FILINGS: The parties are to file the following with the Court:

(1)      <u>No later than fourteen (14) days prior to the final pretrial conference</u>, counsel for each party shall file:

(a)      Any motions *in limine.*  Responses to any such motions must be filed <u>no later than seven (7) days prior to the final pretrial conference</u>.  For the purposes of this provision, <u>Daubert</u> motions are not to be considered motions *in limine*, but are addressed in another portion of this Order;

(b) The line and page designations of any depositions that counsel intend to introduce at trial, whether discovery or de bene esse depositions. Objections and counter-designations shall be filed no later than seven (7) days before the final pretrial conference, and objections to any such counter-designations shall be filed no later than two (2) business days prior to the final pretrial conference. Failure to meet these deadlines may result in summary exclusion of the designated testimony or the summary denial of the objections. The parties should be prepared to address any objections to such designations at the final Pretrial Conference. If counsel intends to use deposition or trial testimony given in another case, such designation must be accompanied by a statement as to how counsel contends such testimony is admissible in the present action; and

16

      (c)     Copies of the transcript excerpts necessary for the Court to understand the parties' deposition designations, counter-designations, and objections thereto.

(2)    No later than two (2) business days prior to the final pretrial conference, the parties shall file with the Court:

      (a)     The issues and stipulations as called for in Paragraph B(4) and (5) above;

      (b)     A trial brief addressing all questions of law and any anticipated evidentiary issues.  **Such trial brief shall not exceed twenty-five (25) pages and shall be double spaced and in at least 14-point type**; and

      (c)     Proposed jury instructions, as described above, or in the event of a non-jury case, proposed findings of fact and conclusions of law.

(3)    <u>No later than two (2) business days prior to the Trial Date</u>, counsel for each party shall file the following

17

documents with the Clerk of Court and provide a hard copy to the presiding judge or his courtroom clerk:

(a)  A witness list containing the name of all persons who may be called to testify at trial. Each witness list also must identify: (i) those witnesses who will be testifying live and those who will be testifying by deposition; (ii) those witnesses whom counsel intends to tender as an expert as well as the area of expertise of those witnesses; (iii) those witnesses who will appear at trial pursuant to a trial subpoena. Any person not so named on a witness list will not be allowed to testify absent a showing of good cause;

(b)  A statement of the education, experience, and qualifications of each expert witness, including the particular field in which the party intends to qualify the witness as an expert. The statement should also indicate whether the

18

parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

(d) An exhibit list. The exhibit list should be in the format as set forth in Subpart G *infra*.

E. USE OF DEPOSITIONS AT TRIAL:

(1) While the parties may present deposition or trial testimony by reading such testimony into the record, the use of video recording is strongly encouraged;

(2) If testimony is presented by video, the video must be edited so as to exclude any testimony for which an objection has been sustained and so that the video can be played for the jury without any interruptions; and

(3) Before the trial begins, counsel shall provide the Court with an estimate of the length of any deposition or trial testimony to be proffered (e.g., for a video deposition, counsel shall provide the playtime length

19

of the edited video; for a deposition that will be read, counsel shall provide an estimate of the length of time to read the edited transcript into the record).

F.   EXHIBIT NOTEBOOKS: If counsel for any party intends to tender any documentary exhibits, counsel for that party shall prepare two (2) identical exhibit notebooks, or sets of exhibit notebooks, containing only those exhibits listed on the party's exhibit list.

(1)   Exhibits which have a very low likelihood of being introduced and which have not been included on the party's exhibit list should not be included in the exhibit notebooks.

(2)   Exhibit notebooks shall be tendered to the Court before the beginning of trial.

(3)   The exhibit notebooks shall contain an index of the exhibits and a clean, legible copy of each exhibit on the party's exhibit list.  Counsel shall tab each exhibit separately (i.e., no group exhibits) and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.

20

(4) The exhibit notebooks are necessary so that the witness and the Court can each have a set of exhibit notebooks in the event that technical difficulties prevent the parties from presenting their exhibits electronically. The parties may seek leave of Court to waive the requirement of exhibit notebooks where hard copies of the proposed exhibits would be voluminous or otherwise unwieldy.

(5) For any exhibits that are added during the trial, a copy must be handed up to the Court at or before the time that the particular exhibit is offered.

G. FORMAT FOR EXHIBIT LIST:

(1) Exhibit lists must list <u>each exhibit</u> counsel reasonably anticipates using at trial, whether offered as substantive or illustrative evidence, or whether it is to be used on direct or cross-examination or to refresh a witness's recollection. Deposition transcripts are not considered exhibits for the purpose of preparing the exhibit list.

21

(2)     In preparing the exhibit list, counsel separately shall
identify and number each exhibit individually.  The
use of group exhibits (e.g., designating a series of
photographs as one exhibit) is discouraged.  The
exhibit list shall arrange the list numerically by exhibit
number, and shall place the following headings for
each column on the exhibit list:

Exhibit #

Description

Stipulation of Authenticity

Stipulation of Admissibility

Objection

Identified by

Admitted

Counsel  shall  not  make  entries  in  either  the
"Identified by" column or the "Admitted" column.
Counsel  should  only  enter  "Yes"  or  "No"  for  each
exhibit in the columns regarding the stipulations of
authenticity and admissibility.

22

(3)    While exhibit lists should not be under-inclusive, they also should not be over-inclusive.  Exhibit lists should not include all exhibits that counsel believes may only *possibly* be used at trial.  If necessary, the parties may supplement their exhibit lists at trial with additional exhibits upon a showing of good cause and a lack of surprise or unfair prejudice to the opponent.  Counsel should prepare exhibit lists with a few blank spaces at the end to allow for the exhibit lists to be amended as the trial progresses; counsel should not file amended exhibit lists in the middle of trial.

(4)    The exhibit lists should designate each exhibit individually; the use of group exhibits (e.g., designating a series of photographs as one exhibit) is discouraged.    The parties may, however, designate a group of exhibits in such a way as to indicate their related nature (e.g., designating a series of photographs as Exhibit 1A, Exhibit 1B, Exhibit 1C, etc.).  "Catch-all" exhibits (e.g., an exhibit

23

designation of "all materials provided in discovery") are not permitted.

H.  JURY VOIR DIRE:  The Court will conduct an initial voir dire of the jury.  The parties may submit questions for the Court to consider asking, in its discretion, as part of voir dire.  Following initial voir dire by the Court, counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

I.  SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING: If any party fails to comply timely with any of the requirements set forth in this Order, the Court <u>may</u> impose sanctions, including but not limited to, a $50.00 per day fine assessed against counsel.

J.  ASSESSMENT OF JURY COST: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate

24

assessments unless the Clerk's Office is notified by 2:00 p.m. of the business day immediately preceding the date on which jury selection is scheduled to occur or the parties otherwise establish good cause why the Court should not assess jury costs against the parties. The Court may set an earlier deadline by further Order. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

K.  "TRIAL DATE" DEFINED: The term "Trial Date" as used in this Order refers to the first day of the mixed term for which the case is set. At or prior to the final pretrial conference, the parties may be advised that jury selection for this particular case may occur on a different day during the mixed term, in which case such new date becomes the "Trial Date" of the case.

VI.

A.  FINAL PRETRIAL CONFERENCE: Any attorney who will appear at trial must attend the final pretrial conference,

25

unless such attorney seeks, in writing, to be excused from such attendance <u>at least one (1) week in advance of the final pretrial conference</u>.

B.    TRIAL TERM: Trial is scheduled to commence **WITH** a jury during the first civil trial term beginning on or after **May 11, 2026**.  The Court will endeavor to set the date of the term of court in which this case will be tried at least eight (8) months in advance.  It is noted that the Court's civil terms are considered "mixed terms" (both civil cases and any unfinished cases from the immediately preceding criminal term) and are ordinarily three (3) weeks in length.

C.    LENGTH OF TRIAL: It is anticipated that the trial will last **ten (10)** days.

D.    JURY SELECTION:  The Court utilizes a "mandatory strike method" for jury selection.

(1)    Pursuant to this method, the Clerk will call fourteen members of the jury pool into the jury box.  The Court will then conduct the voir dire of the fourteen prospective jurors.  Each side will then be allowed approximately twenty minutes to conduct a voir dire

of the fourteen prospective jurors. Each side will then be given the opportunity to make any motions with respect to the jury panel, i.e., challenges for cause. Motions to strike for cause shall be submitted to the Court in an abbreviated writing, identifying the juror by number and including a short statement of the claimed cause. If any of the prospective jurors are stricken for cause, then those members will be replaced with new members of the jury pool.

(2) The Court will then conduct a voir dire of only the new members of the fourteen prospective jurors who have replaced the members who were stricken for cause. This will be followed by a brief opportunity for the Plaintiff to likewise voir dire the new members, followed by a like opportunity for the Defendant. Counsel will ordinarily be allowed approximately two minutes per new member of the panel for such voir dire. If there are any additional motions to strike for cause as to the new members of the panel they

would be heard in the same manner as before at this time.

(3)     Once all fourteen positions are filled with prospective jurors who have not been challenged for cause, then the parties will exercise their peremptory challenges in the following manner.  First, the Plaintiff will be called upon to exercise one of its peremptory challenges.  This will be initiated by the Court by saying: "What says the Plaintiff as to the exercise of his/her first peremptory challenge?"  After the Plaintiff has excused one juror, then the parties will exercise their remaining challenges for each side by alternating. In other words, after the Plaintiff has stricken a prospective juror, then the Defendants will strike a prospective juror, followed by the Plaintiff striking another, until the parties have used all of their peremptory challenges.

(4)     Once all the peremptory strikes have been used by both sides, then there will only be eight members of the fourteen remaining.  All eight will sit as jurors to

28

decide the case. There will be no alternates. However, since only six jurors are required for a civil trial, if any one or two members of the jury are excused or dismissed after being empaneled, then the remaining jurors will decide the case.

E.     A district judge or magistrate judge may convene a settlement conference at any time.

VII.

To the extent that any provision of the Local Rules conflict with this Order, this Order shall govern. This Order is subject to modification only by Order of this Court and may not be modified by agreements among the parties.

**IT IS SO ORDERED.**

Signed: May 14, 2025

W. Carleton Metcalf
United States Magistrate Judge

29